UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jason Raddenbach and<br><br>Chimney Balloon LLC,<br><br>               Plaintiffs,<br><br>v.<br><br><br>Mark Tyrol d/b/a Battic Door Energy<br><br>Conservation Products,<br><br>              Defendant. | Civil Action No. _____<br><br><br><br>COMPLAINT |

PARTIES

Plaintiffs, Jason Raddenbach and Chimney Balloon LLC, by their counsel, and for their Complaint against defendant Mark Tyrol d/b/a Battic Door Energy Conservation Products, alleges as follows:

1.    Plaintiff, Jason Raddenbach is an individual having a principal place of business at 706 Brooks Road, Mauldin, SC 29662.

2.    Plaintiff, Chimney Balloon LLC, is a South Carolina limited liability company having a principal place of business at 706 Brooks Road, Mauldin, SC 29662.

3.    Upon information and belief, defendant Mark Tyrol d/b/a Battic Door Energy Conservation Products is an individual having a principal place of business at 9 Harding Lane, Mansfield, MA 02048.

-1-

JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §1331; 15 U.S.C. §1116; and 15 U.S.C. §1121, as this action arises under the

United States trademark laws (15 U.S.C. §1051 *et seq*.).

5.     This Court has personal jurisdiction over defendant based upon his

primary place of business and acts of trademark infringement being conducted within the

Commonwealth of Massachusetts.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1)

and 28 U.S.C. §1391(b)(2).


GENERAL FACTS

7.     For more than ten (10) years, plaintiff Jason Raddenbach has continuously

used, marketed and sold, throughout the United States, an inflatable bladder under the

marks CHIMNEY BALLOON and CHIMNEY PILLOW that is placed in a chimney to

stop air drafts.

8.     Plaintiff Jason Raddenbach is the sole owner of U.S. Reg. No. 3,157,485

for the mark THE CHIMNEY BALLOON (stylized). A copy of U.S. Reg. No. 3,157,485

is attached hereto as Exhibit A. U.S. Reg. No. 3,157,485 is valid and incontestable.

9.     Plaintiff Jason Raddenbach is the sole owner of U.S. Reg. No. 3,186,536

for the mark CHIMNEY PILLOW (stylized). A copy of U.S. Reg. No. 3,186,536 is

attached hereto as Exhibit B. U.S. Reg. No. 3,186,536 is valid and incontestable.

10.     Plaintiff Jason Raddenbach is the sole owner of all right, title, and interest in the unregistered marks CHIMNEY BALLOON and CHIMNEY PILLOW in connection with an inflatable bladder for use in a chimney to stop air drafts.

11.     Plaintiff Chimney Balloon LLC has a license from plaintiff Jason Raddenbach to use the registered and unregistered marks CHIMNEY BALLOON and CHIMNEY PILLOW in connection with the marketing and sale of an inflatable bladder for a chimney.

12.     On information and belief, defendant has used and continues to use the marks CHIMNEY BALLOON and/or CHIMNEY PILLOW in connection with the marketing and sale of an inflatable bladder for a chimney to consumers throughout the United States, including consumers located within the Commonwealth of Massachusetts. By way of example only, defendant is operating a web site under the domain name www.batticdoor.com. Attached hereto as Exhibit C is a copy of a web page from defendant's web-site offering for sale a product called the "Chimney Pillow Fireplace Draftstopper" (hereinafter the "Product"). Attached as Exhibit D is an article referencing a link to CHIMNEY BALLOON which when clicked brings the consumer to a web page of Home Depot® offering defendant's product for sale as shown in Exhibit E attached hereto.

<u>COUNT I: INFRINGEMENT OF U.S. REG. NO. 3,157,485</u>

<u>- THE CHIMNEY BALLOON (Stylized)</u>

13.     Plaintiffs re-allege Paragraphs 1-12 of this Complaint as if fully set forth herein.

14.     Defendant's use of the mark CHIMNEY BALLOON creates a substantial likelihood of confusion, mistake, deception, or affiliation to consumers with plaintiffs use, marketing and sale of inflatable bladders for chimneys under U.S. Reg. No. 3,157,485 for the mark THE CHIMNEY BALLOON.

15.     Defendant's use, marketing and sale of inflatable bladders for chimneys under the mark CHIMNEY BALLOON constitutes infringement of U.S. Reg. No. 3,157,485 under 15 U.S.C. §1114.

16.     On information and belief, defendant had actual knowledge of U.S. Reg. No. 3,157,485 for the mark THE CHIMNEY BALLOON prior to using, marketing and selling inflatable bladders for a chimney under the mark CHIMNEY BALLOON.

17.     Defendant's use, marketing and sale of inflatable bladders for a chimney under the mark CHIMNEY BALLOON has and continues to be a willful, wanton, and reckless infringement of U.S. Reg. No. 3,157,485 and constitutes an exceptional case.

18.     Defendant's use, marketing and sale of inflatable bladders for a chimney under the mark CHIMNEY BALLOON has and continues to cause plaintiffs irreparable harm.

19.     Defendant's use, marketing and sale of inflatable bladders for a chimney under the mark CHIMNEY BALLOON has and continues to cause plaintiffs monetary damage.

<u>COUNT II: INFRINGEMENT OF U.S. REG. NO. 3,186,536 - CHIMNEY PILLOW</u>

20.     Plaintiffs re-alleges Paragraphs 1-19 of this Complaint as if fully set forth herein.

21.     Defendant's use of the mark CHIMNEY PILLOW creates a substantial likelihood of confusion, mistake, deception, and/or affiliation to consumers with plaintiffs use, marketing and sale of inflatable bladders for chimneys under U.S. Reg. No. 3,186,536 for the mark CHIMNEY PILLOW.

22.     Defendant's use, marketing and sale of inflatable bladders for chimneys under the mark CHIMNEY PILLOW constitutes infringement of U.S. Reg. No. 3,186,536 under 15 U.S.C. §1114.

23.     On information and belief, defendant had actual knowledge of U.S. Reg. No. 3,186,536 for the mark CHIMNEY PILLOW prior to using, marketing and selling inflatable bladders under the mark CHIMNEY PILLOW.

24.     Defendant's use, marketing and sale of inflatable bladders for chimney under the mark CHIMNEY PILLOW has and continues to be a willful, wanton, and reckless infringement of U.S. Reg. No. 3,186,536 and constitutes an exceptional case.

25.     Defendant's use, marketing and sale of inflatable bladders for a chimney under the mark CHIMNEY PILLOW has and continues to cause plaintiffs irreparable harm.

26.     Defendant's use, marketing and sale of inflatable bladders for a chimney under the mark CHIMNEY PILLOW has and continues to cause plaintiffs monetary damage.

<u>COUNT III: VIOLATION OF 15 U.S.C. §1125(a) - FALSE DESIGNATION OF</u>

<u>ORIGIN - UNREGISTERED MARK CHIMNEY BALLOON</u>

27.     Plaintiff re-alleges Paragraphs 1-26 of this Complaint as if fully set forth herein.


28.     Defendant's use of the mark CHIMNEY BALLOON creates a substantial likelihood of confusion, mistake, deception, or affiliation to consumers with plaintiff's use, marketing and sale of inflatable bladders for chimneys under its unregistered mark CHIMNEY BALLOON.

29.     Defendant's use, marketing and sale of inflatable bladders for chimneys under the mark CHIMNEY BALLOON constitutes infringement and a violation of plaintiff's unregistered mark CHIMNEY BALLOON under 15 U.S.C. §1125(a).

30.     On information and belief, defendant had actual knowledge of plaintiff's unregistered mark CHIMNEY BALLOON prior to using, marketing and selling an inflatable bladder for a chimney under the mark CHIMNEY BALLOON.

31.     Defendant's use, marketing and sale of an inflatable bladder for a chimney under the mark CHIMNEY BALLOON has and continues to be a willful, wanton, and reckless infringement of plaintiff's unregistered federal right to the mark CHIMNEY BALLOON and constitutes an exceptional case.

32.     Defendant's use, marketing and sale of an inflatable bladder for a chimney under the mark CHIMNEY BALLOON has and continues to cause plaintiffs irreparable harm.

-6-

33.     Defendant's use, marketing and sale of an inflatable bladder for a chimney under the mark CHIMNEY BALLOON has and continues to cause plaintiffs monetary damage.

## COUNT IV: VIOLATION OF 15 U.S.C. §1125(a) - FALSE DESIGNATION OF ORIGIN - UNREGISTERED MARK CHIMNEY PILLOW

34.     Plaintiff re-alleges Paragraphs 1-33 of this Complaint as if fully set forth herein.

35.     Defendant's use of the mark CHIMNEY PILLOW creates a substantial likelihood of confusion, mistake, deception or affiliation to consumers with plaintiff's use, marketing and sale of inflatable bladders for chimneys under its unregistered mark CHIMNEY PILLOW.

36.     Defendant's marketing and sale of inflatable bladders for chimneys under the mark CHIMNEY PILLOW constitutes infringement and a violation of its unregistered mark CHIMNEY PILLOW under 15 U.S.C. §1125(a).

37.     On information and belief, defendant had actual knowledge of the registered mark CHIMNEY PILLOW prior to using, marketing and selling inflatable bladders under the mark CHIMNEY PILLOW.

38.     Defendant's use, marketing and sale of inflatable bladders for chimney under the mark CHIMNEY PILLOW has and continues to be a willful, wanton, and reckless infringement of plaintiff's unregistered federal rights to the mark CHIMNEY PILLOW  and constitutes an exceptional case.

-7-

39.     Defendant's use, marketing and /or sale of inflatable bladders under the mark CHIMNEY PILLOW has and continues to cause plaintiffs irreparable harm.

40.     Defendant's use, marketing and sale  of inflatable bladders under the mark CHIMNEY PILLOW has and continues to cause plaintiffs monetary damage.


COUNT V: UNFAIR AND DECEPTIVE TRADE PRACTICES (M.G.L. §93)

41.     Plaintiff re-alleges Paragraphs 1-40 of this Complaint as if fully set forth herein.

42.     Defendant's infringement of plaintiff's federally registered and unregistered marks CHIMNEY BALLOON and CHIMNEY PILLOW were substantially committed within the Commonwealth of Massachusetts.

43.     Defendant's infringement of plaintiff's federally registered and unregistered marks CHIMNEY BALLOON and CHIMNEY PILLOW constitute unfair and deceptive trade practices in violation of M.G.L. §93.

44.     Plaintiffs have suffered irreparable harm as a result of the unfair and deceptive trade practices committed by defendant.

45.     Plaintiffs have suffered monetary damage as a result of the unfair and deceptive trade practices committed by defendant.

## REQUESTED RELIEF

Plaintiff requests this Court to enter judgment in favor of them against the defendant on the above counts and grant them the following relief:

1.      An Order that defendant and his agents, servants, employees and those persons in active concert or participation or otherwise in privity with any of them, be preliminary and permanently enjoined from using in any manner plaintiff's federally registered and unregistered mark CHIMNEY BALLOON in connection with the marketing and/or sale of inflatable bladders for chimneys, or any other mark confusing similar thereto;

2.      An Order that defendant and his agents, servants, employees and those persons in active concert or participation or otherwise in privity with any of them, be preliminary and permanently enjoined from using in any manner plaintiff's federally registered and unregistered mark CHIMNEY PILLOW in connection with the marketing and/or sale of inflatable bladders for chimneys, or any other mark confusing similar thereto;

3.      An Order that defendant deliver to plaintiffs for destruction all products, labels, signs, prints, packages, advertisements, web-sites, and/or any other printed or electronic material which displays or contains plaintiff's federally registered and unregistered marks CHIMNEY BALLOON and/or CHIMNEY PILLOW;

4.      An accounting by defendant to plaintiffs of all profits derived by his acts of infringement.

5.      Awarding plaintiffs an amount of money equal to the profits realized by defendant from his acts of infringement as may be proved at trial;

6.      Awarding plaintiffs an amount of money equal to actual damages incurred by plaintiffs as may be proved at trial;

7.      Awarding plaintiffs an amount of money equal to three times the amount of Plaintiff's actual damages;

8.      Awarding plaintiffs interest on actual damages;

9.      Awarding plaintiffs their reasonable attorney fees and costs in connection with this action; and

10.     Such other relief as this Court deems equitable and just.


<u>REQUEST FOR A JURY</u>

Plaintiffs hereby request a jury on all issues triable by a jury.


                                    Respectfully submitted,

                                    Jason Raddenbach and
                                    Chimney Balloon LLC

                                    By their Attorney,

                                    /s/ *Steven N. Fox*
Dated: 11-23-2015                   Steven N. Fox (BBO #554692)
                                    62 South Main Street
                                    Sharon, MA 02067
                                    (781) 821-8920
                                    E-Mail: sfox@foxpatent.com